CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 15 2011

JULIA C. DUDLEY, CLERK
BY:
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ADENTRIUS MARIAH BARLEY, | CASE NO. 7:11CV00385 |
| Petitioner, | |
| | MEMORANDUM OPINION |
| vs. | |
| LARRY T. EDMONDS, WARDEN, | By: James C. Turk |
| | Senior United States District Judge |
| Respondent. | |

Adentirus Mariah Barley, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the March 2006 judgment of the Danville Circuit Court that convicted him of criminal offenses. Upon review of the record, the court concludes that the petition must be summarily dismissed as untimely filed.

I

According to Barley's petition, he elected to be tried before a judge and was found guilty of object sexual penetration and identity fraud. The judge sentenced him to 30 years and six months in prison, with 20 years and six months suspended. Barley appealed, unsuccessfully, to the Court of Appeals of Virginia and then to the Supreme Court of Virginia, which dismissed his petition for appeal by order entered October 3, 2007.

Barley then filed a petition for a writ of habeas corpus in the Danville Circuit Court on October 3, 2008. The Court denied relief in May 2009, and Barley's subsequent appeal to the Supreme Court of Virginia was dismissed in November 2009. His petition for rehearing was denied on April 21, 2010. He also filed a separate state habeas petition in the Supreme Court of Virginia on March 31, 2011, alleging new evidence of prosecutorial misconduct; this petition was dismissed without a hearing on June 8, 2011, because the Court found the petition to be both

successive under Va. Code Ann. § 8.01-654(B)(2) and untimely under § 8:01-654(A)(2). Barley also filed a prior § 2254 petition, Case No. 7:10CV00171, which was dismissed without prejudice by order entered June 2, 2010, after he failed to comply with an order requiring him to pay, or other make arrangements concerning, the $5.00 filing fee.[1]

Barley filed his current § 2254 petition on or about August 10, 2011. He raises claims of prosecutorial misconduct and ineffective assistance of counsel. He asserts that he first raised the former claim during state habeas proceedings, because it involved facts discovered after his direct appeal.

## II

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1). Generally, this period begins to run from the date on which the judgment of conviction becomes final when the availability of direct review is exhausted. See 28 U.S.C. § 2244(d)(1)(A).[2] Under 28 U.S.C. § 2244(d)(2), however, the one-year filing period is tolled

---

[1] Barley initially filed this prior § 2254 petition in the United States District Court for the Eastern District of Virginia, where it was designated as Case No. 1:10CV00334. By order entered April 27, 2010, the Court transferred the case to the Western District, where it was assigned Case No. 7:10CV00171.

[2] Under § 2244(d)(1), the one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(2) provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

while an inmate's "properly filed application for State post-conviction or other collateral review" is "pending."

As stated, the Supreme Court of Virginia dismissed Barley's direct appeal on October 3, 2007, and thus, his convictions became final on January 2, 2008, when his ninety-day opportunity to file a petition for a writ of certiorari in the United States Supreme Court expired.[3] At this point, Barley's one-year filing period under § 2244(d)(1)(A) began running. After allowing 275 days of that period to elapse, Barley stopped the clock by filing his state habeas petition on October 3, 2008. The pendency of that petition tolled the federal clock until April 21, 2010, at the latest, when the Supreme Court of Virginia denied his petition for rehearing in the habeas proceedings, and the clock started running again. Barley's one year to file a timely § 2254 petition expired on July 20, 2010. Because he did not file his § 2254 petition until August 10, 2011 at the earliest,[4] his petition is untimely under § 2244(d)(1)(A).

Barley's other post-conviction filings do not help him beat the clock. His second state habeas petition in March 2011 was filed after the § 2244(d)(1)(A) federal filing period expired in July 2010, so did not toll the running of that period. See Brown v. Langley, 348 F. Supp. 2d 533, 536 (M.D. N.C. 2004) ("[S]ubsequent motions or petitions cannot revive a period of limitation that has already run."). Moreover, the Supreme Court of Virginia dismissed the 2011 state petition as untimely under state law. Therefore, that petition does not qualify as a "properly

---

[3] See Rules of the Supreme Court of the United States, Rule 13(1) (time to file petition for writ of certiorari expires 90 days after entry of final judgment by highest state court).

[4] Generally, a prisoner's habeas petition is deemed filed when he delivers it to prison officials for mailing. See Rule 3(d), Rules Governing § 2254 Cases; Houston v. Lack, 487 U.S. 266 (1988). It appears that Barley signed the instant petition on August 10, 2011. Accordingly, the court will assume for purposes of this opinion that it was "filed" on that date.

filed" post-conviction application so as to stop the federal clock. See Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that state habeas proceeding filed outside state habeas time limits is not "properly filed" for purposes of § 2244(d)(2)). For a similar reason, the pendency of Barley's previous federal petition, from March 29 to June 2, 2010, could not stop the § 2244(d) time clock, because a federal habeas petition is not a "properly filed application for State post-conviction or other collateral review" under § 2244(d)(2) so as to toll the filing period.

Barley claims that the filing period for his prosecutorial misconduct claim should be calculated separately under § 2244(d)(1)(D), starting from the date on which Barley received the evidence on which this claim is based. He alleges that on March 1, 2010, another inmate provided him with documentation indicating that a key Commonwealth witness, Samuel C. Bray, a police officer, had been convicted of a crime of moral turpitude with which counsel could have impeached his testimony. Even if Barley could prove that he could not, with due diligence, have discovered the existence of Bray's criminal record until March 1, 2010, he waited more than a year after that discovery to file his § 2254 claim. As discussed, neither his March 2011 state habeas petition nor his 2010 federal petition are not "properly filed" and so cannot toll the federal filing period. Artuz, 531 U.S. at 8. His filing period under § 2244(d)(1)(D) expired on March 1, 20011. Because Barley filed his § 2254 prosecutorial misconduct claim on August 10, 2011 at the earliest, the claim is untimely under § 2244(d)(1)(A) or (D).

Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quotation marks omitted). Barley argues that the federal clock should be

equitably tolled for two months, from January 13, 2011 until March 11, 2011. In January 2011, he was incarcerated at Greensville Correctional Center preparing his second state <u>habeas</u> petition when, suddenly, he was transferred to another prison and his box of legal materials remained at Greensville until March 11, 2011. This brief deprivation of legal materials occurred long after his filing period under § 2244(d)(1)(A) expired, however. Moreover, even after Barley received his legal materials in March 2011, he fails to demonstrate any specific reason that the brief delay prevented him from filing timely § 2254 claims, especially given the fact that he waited another five months to submit the federal petition. Thus, the court can find no ground for equitable tolling in Barley's case. Accordingly, his petition will be dismissed as untimely filed. An appropriate order will enter this day.

    The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

    ENTER: This 15th day of September, 2011.

                                                                  /s/ James C. Turk
                                                                Senior United States District Judge